IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Demarcus Robinson, | Case No.: 4:24-cv-00074-JDA |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Shane Jackson, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's motion for summary judgment. [Doc. 30.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings.

On August 13, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted. [Doc. 35.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [Doc. 35-1.] Petitioner's objections to the Report were entered on the docket on September 5, 2024. [Doc. 37.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the

Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## APPLICABLE LAW

Federal courts may not grant habeas corpus relief on any claim that was adjudicated on the merits in state court unless the underlying state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 411 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was

unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101–02 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

In his habeas petition, Petitioner asserts that his trial counsel was ineffective for failing to request a jury charge for strong arm robbery and for failing to call alibi witnesses during trial. [Doc. 1 at 5.]

In analyzing Petitioner's ineffective assistance of counsel claims, the Magistrate Judge considered the test in *Strickland v. Washington*, 466 U.S. 668 (1984), and the standard under § 2254(d)[1] and concluded that the PCR court's rejection of these claims was not contrary to, or an unreasonable application of, clearly established federal law, nor did the PCR court's adjudication result in an unreasonable determination of the facts in light of the evidence presented. [Doc. 35 at 8–15]; *see Strickland*, 466 U.S. at 687 (establishing that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result). Petitioner's objections relate only to his claim that trial counsel was ineffective for failing to call alibi witnesses.[2] [Doc. 37.] Specifically,

---

[1] This Court's review of a state court's adjudication of the merits of an ineffective assistance of counsel claim is "doubly deferential"—highly deferential to counsel under *Strickland* and highly deferential to state courts under 28 U.S.C. § 2254(d). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable" but instead "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

[2] Because Petitioner has not specifically objected to the Magistrate Judge's analysis and recommendation regarding his claim that trial counsel was ineffective for failing to request a jury charge for the lesser-included offense of strong arm robbery, the Court has

3

Petitioner argues that the chief of police had talked to Petitioner's mother on the phone, and his mother had informed the chief that Petitioner was home before the robbery; that Petitioner's mother did not attend his trial because trial counsel did not tell her or Petitioner's sister about the trial; that trial counsel did not see Petitioner or call him; and that trial counsel did not call Petitioner's mother or interview her. [*Id.* at 1–2.] Further, Petitioner states that if he is "given a chance," his mother and sister "will come to court and tes[t]ify." [*Id.* at 2.]

Under the Sixth Amendment, Petitioner, as a criminal defendant, had a right to effective assistance of counsel. *Strickland*, 466 U.S. at 686. The Magistrate Judge concluded that the PCR court was reasonable in rejecting Petitioner's claim of ineffective assistance of counsel for failing to call an alibi witness because prejudice from trial counsel's failure to call witnesses cannot be shown where the witnesses do not testify at the PCR hearing. [Doc. 35 at 13–15.] Although Petitioner now contends that his mother and sister are available to testify, the fact remains that he produced no witnesses or evidence at his PCR hearing to establish that his mother or anyone else would have served as an alibi witness. [*See* App. 445–87.[3]] On this record, Petitioner cannot show that the PCR court's denial of his claim that trial counsel was ineffective for failing to call alibi witnesses was unreasonable. *See Bassette v. Thompson*, 915 F.2d 932, 940 (4th Cir. 1990) ("The great failing of the appellant on his claim that other evidence should have been presented during the sentencing phase of his trial is the absence of a proffer of

---

reviewed the record, the applicable law, and the Report concerning this claim for clear error. Having found none, the Court accepts that portion of the Report and incorporates it by reference.

[3] The Appendix can be found at Docket Entry Number 29-1.

testimony from a witness or witnesses he claims his attorney should have called."); *Glover v. State*, 458 S.E.2d 539, 540 (S.C. 1995) ("[B]ecause the other witnesses respondent claimed could have provided an alibi defense did not testify at the PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses."). Accordingly, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Respondent's motion for summary judgment [Doc. 30] is GRANTED and the § 2254 petition [Doc. 1] is DENIED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(2) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

Florence, South Carolina
May 6, 2025